1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**
9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| JOE TAYLOR, | No. 2:18-CV-0149-JAM-DMC-P |
| Plaintiff, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| J. LEWIS, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (ECF No. 12).

On August 16, 2019, the court issued a screening order addressing the sufficiency of plaintiff's allegations. <u>See</u> ECF No. 13. The court summarized plaintiff's allegations and claims as follows:

> Plaintiff names ten Defendants including Does 1-5. The named Defendants are: (1) J. Lewis, (2) J. Ma, (3) M. Bobbala, (4) P. Sahota (5) S. Chaiken. Plaintiff alleges Defendants violated his Eighth Amendment right against cruel and unusual punishment by denying him proper medical treatment and failing to provide him adequate pain medication. Plaintiff asserts he underwent arthroscopic knee surgery. Plaintiff takes issue with the treatment plan implemented by certain Defendants, questioning their "ability to provide serious relief to Plaintiff's pain and deteriorating condition." Plaintiff also takes issue with the use of ibuprofen to control his pain—Plaintiff asserts it is ineffective and causes him stomach problems. Plaintiff's allegations as to each Defendant are less than clear.

1

> Plaintiff alleges that Defendant J. Lewis was deliberately indifferent when he denied Plaintiff's grievance related to his knee pain. Plaintiff alleges that Defendant J. Ma was deliberately indifferent by failing to provide proper medical treatment. Plaintiff seems to indicate J. Ma did not treat his knee issues, requiring another physician to drain Plaintiff's knee of fluid and provide him steroid injections. Plaintiff asserts he is receiving no treatment from J. Ma other than receiving ibuprofen. Plaintiff alleges M. Bobbala was deliberately indifferent in denying Plaintiff's second level HC Appeal requesting the use of Tramadol. Plaintiff alleges P. Sahota was deliberately indifferent in denying Plaintiff's request for pain relief despite knowing the pain was "quite worse". Plaintiff alleges Defendant Chaiken was deliberately indifferent by denying Plaintiff's request to be removed from Dr. J. Ma's case load and failing to address Plaintiff's plea for pain relief. Finally, Plaintiff makes no allegations in the first amended complaint as to Does 1-5.

ECF No. 13, pgs. 2-3.

The court concluded plaintiff states sufficient facts to proceed on his Eighth Amendment claim against defendant Ma. See id. at 5. The court also concluded plaintiff's first amended complaint was insufficient as to the remaining defendants, Lewis, Bobbala, Sahota, and Chaiken. See id. After outlining the applicable legal standards for Eighth Amendment medical care claims, the court stated:

> Plaintiff alleges sufficient facts against J. Ma to proceed past screening. However, Plaintiff's allegations against J. Lewis, M. Bobbala, P. Sahota, S. Chaiken, and Does 1-5 cannot pass screening. These allegations are all based on Plaintiff's belief that the modification to his pain regime are ineffective at managing his pain despite several doctors and the Pain Management Committee's determination that the modification is proper based on Plaintiff's condition. This amounts to a difference of opinion between Plaintiff and these Defendants. Such a difference of opinion, based on the facts alleged, does not state a claim sufficient to establish a constitutional violation under the Eighth Amendment. See Jackson v. McIntosh, 90 F.3d at 332. For that reason, Plaintiff's complaint cannot pass the screening stage.

Id. at 5.

Plaintiff was provided an opportunity to file an amended complaint within 30 days addressing the deficiencies identified in the screening order. See id. at 5-6. To date, plaintiff has not filed an amended complaint.[1]

///

---

[1] By separate order issued herewith, the court has directed plaintiff to submit documents necessary for service of the first amended complaint on defendant Ma.

2

Based on the foregoing, the undersigned recommends that:

    1.    Defendants Lewis, Bobbala, Sahota, and Chaiken be dismissed; and

    2.    This action proceed on plaintiff's first amended complaint against defendant Ma only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 3, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3